# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3860
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Clifford Scott Eaton, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 13, 2011
Filed: July 12, 2011
_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

     In 2009, a federal grand jury returned an indictment charging Clifford Eaton with one count of conspiracy to possess with intent to distribute methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 846.  Pursuant to 21 U.S.C. § 851, the Government filed notice of its intent to establish two prior felony controlled-substance convictions, subjecting Eaton to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A).  Subsequently, Eaton and the Government entered a plea agreement.  They also entered a plea agreement supplement in which Eaton agreed "to fully cooperate with the United States . . . in any investigation related to or arising from these charges," and the Government agreed that if Eaton's "cooperation has

provided substantial assistance . . . in the investigation or prosecution of another person who has committed an offense," it would file a motion to depart below the statutory minimum. The district court[1] accepted Eaton's plea of guilty.

Before sentencing, the Government filed a motion for downward departure based on substantial assistance, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The Government reported that Eaton had "provided information regarding the conduct of himself and [his] co-defendant" and had "also provided information on an assault case in Stutsman County and theft of ATMs in Grand Forks County." However, the Government noted that Eaton's assistance had not resulted in the filing of any criminal charges. Based on these considerations, the Government recommended a sentence of 344 months' imprisonment. Eaton filed a response, requesting a greater reduction, since he had done "exactly what the government asked" and his co-defendant had received a greater reduction for less assistance.

At sentencing, the court calculated an advisory guidelines range of 151 to 181 months' imprisonment, but it found that Eaton previously had been convicted of two felony controlled-substance offenses, subjecting him to a mandatory life sentence. It then proceeded to consider the Government's motion for downward departure. The court noted that in determining the amount of the departure it only could consider the factors listed in § 5K1.1(a) and found that "all five of those factors . . . weigh in favor of Mr. Eaton." Accordingly, the court reduced Eaton's sentence to 240 months—over 100 months below the Government's recommendation—less 17 months' credit for time served, yielding a net sentence of 223 months. The court noted that although Eaton's co-defendant had received a greater reduction, "I don't believe that you should be treated like [him] because there's a significant disparity in criminal history categories and a significant difference in the mandatory minimum that was triggered

---

[1] The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

in this case as a result of that criminal history, so there is certainly a legal basis to treat the two of you differently." Eaton appeals, arguing that by considering his criminal history, the court based the amount of the substantial-assistance reduction on a non-assistance-related consideration.

"[T]o reflect a defendant's substantial assistance in the investigation or prosecution of another person," 18 U.S.C. § 3553(e) grants a sentencing court "[l]imited authority to impose a sentence below a statutory minimum . . . in accordance with the guidelines." Section 5K1.1 of the guidelines indicates that the amount of such a reduction should be determined by considering the following assistance-related factors:

> (1) . . . the significance and usefulness of the defendant's assistance . . . ; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; [and] (5) the timeliness of the defendant's assistance.

"Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations." *United States v. Burns*, 577 F.3d 887, 894 (8th Cir. 2009) (en banc) (quoting *United States v. Williams*, 474 F.3d 1130, 1130-31 (8th Cir. 2007)). Moreover, "after reducing a sentence based on the factors set forth in 18 U.S.C. § 3553(e), a district court may not reduce the sentence further based on factors, other than assistance, set forth in 18 U.S.C. § 3553(a)." *Id.*

Ordinarily, we would review the claim that the district court relied on non-assistance-related considerations in determining the amount of a section 5K1.1 departure *de novo*. *See Williams*, 474 F.3d at 1131. However, Eaton failed to object

Appellate Case: 10-3860     Page: 3     Date Filed: 07/12/2011 Entry ID: 3806483

to this alleged error before the district court, thereby forfeiting it. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Accordingly, we review the claim for plain error and will reverse only if Eaton can show "(1) an error, (2) that was 'plain,' [and] (3) 'affects substantial rights,' and [that] (4) 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Rush-Richardson*, 574 F.3d 906, 910 (8th Cir. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 735-36 (1993)).

Regardless of whether the district court committed an error that was plain, we conclude that Eaton has failed to show that the alleged error affected his substantial rights. To satisfy this prong, Eaton must establish "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (alteration in original) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Eaton has made no argument that the alleged error affected the outcome of the proceeding. Likewise, our own review of the record discloses no indication that, absent the alleged error, Eaton would have received a more favorable sentence. The district court specifically found that the sentence was sufficient but not greater than necessary. The court mentioned Eaton's criminal history only after it had correctly identified and discussed the 5K1.1 factors and determined its sentence and only in the context of rebutting Eaton's disparity argument. Under these circumstances, any suggestion that Eaton was prejudiced by the alleged error would be merely speculative, and "[w]here the effect of the error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." *United States v. Bain*, 586 F.3d 634, 641 (8th Cir. 2009) (quoting *Pirani*, 406 F.3d at 553).

Accordingly, we affirm.[2]

_____

---

[2] We deny the Government's motion to dismiss the appeal as within the appeal waiver of Eaton's plea agreement as moot.

-5-