IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO VACATE, CORRECT OR** |
| vs. | ) | **SET ASIDE SENTENCE UNDER** |
| | ) | **28 U.S.C. § 2255** |
| Clifford Scott Eaton, | ) | |
| | ) | Case No. 1:09-cr-103-01 |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| Clifford Scott Eaton, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-084 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |

Before the Court is the Defendant Clifford Eaton's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

On December 10, 2009, Eaton was indicted for conspiracy to possess with the intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. See Docket No. 2.

Case 1:09-cr-00103-DLH   Document 109   Filed 07/24/13   Page 2 of 15

The United States filed a notice of its intention to seek a sentencing enhancement based on two prior felony drug convictions. If established at sentencing, the enhancement would subject Eaton to a mandatory-minimum sentence of life in prison. See Docket No. 41.

On August 25, 2010, a plea agreement was filed. On September 1, 2010, Eaton entered a plea of guilty with the Court. See Docket No. 53. During the change of plea colloquy, Eaton acknowledged that he reviewed the plea agreement in detail with his attorney, that he understood the essential elements to the charged offense, and that he understood the maximum penalties. See Docket No. 85, pp. 21-23. Eaton stated he was pleading guilty voluntarily. See Docket No. 85, pp. 28-29. The transcript of the hearing provides in part as follows:

> THE COURT: Okay. And after reviewing the evidence in this case and discussing the charge with Mr. Hoffman, have you made a decision that you wish to plead guilty to this drug conspiracy charge outlined in the Indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And is that a voluntary decision on your part?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anybody ever forced you to come in here this morning to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Or threatened you in any way?
>
> THE DEFENDANT: No.
>
> THE COURT: Or made you any specific promise or guarantee as to the sentence you are to receive or any other promises in that regard?
>
> THE DEFENDANT: Nothing beyond the terms of the Plea Agreement, Your Honor.

See Docket No. 85, p. 28. Eaton agreed there were sufficient facts to support the charged offense. See Docket No. 85, pp. 34-35.

On December 13, 2010, the Court sentenced Eaton. At the hearing, the Court found that the Government demonstrated beyond a reasonable doubt that Eaton's two prior felony drug convictions established a mandatory-minimum of life imprisonment. However, the Court granted two motions for downward departures, based on substantial assistance and time served in state custody for the same offense. The Court sentenced Eaton to 223-months in prison, 10 years of supervised release, and a $100 special assessment. See Docket No. 75.

On July 7, 2012, Eaton filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See Docket No. 96. Eaton contends that his appointed counsel was ineffective, the Government acted in bad faith and engaged in misconduct during the sentencing hearing, and the Court erred in determining that a mandatory-minimum life sentence applied. On September 14, 2012, the Government filed a response in opposition to Eaton's motion. See Docket No. 102. On November 16, 2012, Eaton filed a reply. See Docket No. 107.

## II.     STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

### III.     LEGAL DISCUSSION

Eaton presents the following four claims for relief in his Section 2255 motion:

1) ineffective assistance of counsel;

2) bad faith and misconduct by the Government at the sentencing hearing;

3) error by the Court in determining a mandatory-minimum sentence applied; and

4) ineffective assistance of counsel on direct appeal.

See Docket No. 96.

### A.     INEFFECTIVE ASSISTANCE OF DEFENSE COUNSEL

Eaton contends defense counsel provided ineffective assistance . The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. Const. amend. VI.  In general, to demonstrate ineffective assistance, the defendant must show (1) defense counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984). However, Eaton pled guilty to the charged offense.  Under such circumstances, the Supreme Court has applied a modified *Strickland* test:

> We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel.  In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, supra, and McMann v. Richardson, supra. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

### 1)      FAILURE TO FILE MOTION TO SUPPRESS

Eaton first contends that defense counsel was ineffective because he failed to file a motion to suppress evidence. This claim is without merit. Eaton failed to argue this error was prejudicial, that is, there was "a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The Supreme Court has explained the prejudice showing is *necessary*—"requiring a showing of 'prejudice' from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel . . . serve[s] the fundamental interest in the finality of guilty pleas[.]" Id. at 58. When a prisoner fails to argue an error was prejudicial, the Supreme Court has rejected the claim without further analysis. See Id. at 60 ("We find it unnecessary to determine whether [there is merit to the petitioner's claim], because in the present case we conclude that petitioner's allegations are insufficient to satisfy the Strickland v. Washington requirement of 'prejudice.' Petitioner did not allege in his habeas petition that, had counsel correctly informed him . . . he would have pleaded not guilty and insisted on going to trial."); see also Premo v. Moore, -- U.S. --, 131 S.Ct. 733, 745 (2011) (rejecting a state prisoner's argument that defense counsel was ineffective in a § 2254 for failing to file a motion to suppress in part because a prisoner, who pled guilty, failed to argue prejudice). Eaton has failed to show he was prejudiced by defense counsel's failure to file a motion to suppress. This claim is rejected.

### 2)      FAILURE TO OBJECT TO THE GOVERNMENT'S SENTENCING RECOMMENDATIONS

Eaton contends the Government's attorney committed bad faith and misconduct at the sentencing hearing, and that defense counsel was ineffective because he failed to object.

Although severe prosecutorial misconduct may violate a defendant's right to due process, no such violation occurred in this case. The Eighth Circuit has explained:

> The district court does not have unfettered discretion in its sentencing calculus. . . . The constitutional protection of due process operates to circumscribe the information the court can consider. . . . A due process violation is established only if the defendant shows that the district court relied on materially false information and that the information is demonstrably the basis for the challenged sentence.

United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (original citations omitted). In other words, a due process violation occurs *only* if (1) the prosecutor presents materially false information, and (2) the court sentences the defendant based on the materially false information. Neither is present here.

Eaton failed to show that the prosecutor offered materially false information to the Court. At sentencing, the Government's attorney offered a subjective assessment of the information provided by Eaton. Although the Court disagreed with the Government's appraisal of Eaton's information, the prosecutor presented reasonable arguments. Also, the Court rejected the Government's arguments. A due process violation only occurs where the defendant shows the sentencing court relied on materially false information. Carr, 66 F.3d at 983. No reliance has been shown. The Court finds that Eaton failed to show that defense counsel's failure to object was constitutionally deficient or that Eaton was prejudiced.

Eaton also argues that defense counsel was ineffective because he failed to request a continuance in order to refute allegedly false statements by the Government's attorney at the sentencing hearing. For the same reasons outlined above, this claim is rejected.

### 3) **FAILURE TO OBJECT TO THE COURT'S CONSIDERATION OF CRIMINAL HISTORY**

Eaton contends the Court erred because it considered his criminal history as a factor when it weighed a downward departure under U.S.S.G. § 5K1.1 (substantial assistance), and he also argues that defense counsel was ineffective because he failed to object.

The record reveals that Eaton and the defense counsel argued that Eaton should receive a sentence substantially similar to co-defendant Kessler. At sentencing, defense counsel argued in part as follows:

> I would ask you, based upon this conspiracy of four to five months, barely over 500 grams, the equal participation of Mr. Kessler and Mr. Eaton, that Mr. Eaton be sentenced substantially similar to Mr. Kessler. I believe that Mr. Eaton's additional substantial assistance in regard to the jailhouse assault and the ATM machine tends to weigh things out where they should be sentenced somewhere equally.
>
> \*\*\*
>
> But even if you do [find a prior conviction qualifies as an enhancing felony], Your Honor, I believe that you can still -- if you use 360 months and give Mr. Eaton a substantial assistance in the range of 50 to 65 percent, you can still put him on an equal level of Mr. Kessler or slightly above.
>
> \*\*\*
>
> With that, Your Honor, I would conclude. I think that . . . . would be appropriate, that Mr. Eaton receive a similar sentence to Mr. Kessler in this case.

See Docket No. 86, pp. 18-20. When Eaton spoke, he also argued for a sentence similar to Mr. Kessler:

> One thing I would like to mention before going further is I had read Mr. Kessler's sentencing transcript . . . .
>
> \*\*\*
>
> And the fact that Mr. Kessler received 45 percent off, I would hope the Court would recognize that I provided what appears to be more substantial assistance.

7

> \*\*\*
>
> I think that the sentence I would ask you to impose would be a starting point of 360 months, if you allow the prior conviction, and I submit that the 1986 prior should not be admitted, that the Government has not proven beyond a reasonable doubt that it is a qualifying prior felony drug conviction. I believe the starting point should be 240 months instead of life.
>
> However, if you deem the prior conviction admissible, I would suggest a 360-month starting point, and as Mr. Hoffman has suggested in his memorandum, perhaps a 50 or 60 percent reduction of that. I think that would result in a sentence somewhere in the neighborhood of 12 to 15 years.

See Docket No. 45, pp. 20-21, 22-23.

The Court, when addressing the Government's motion to depart based on substantial assistance, expressly acknowledged that a sentencing court may only consider the factors under U.S.S.G. § 5K1.1(a) in determining the extent of a departure for substantial assistance. The Court also found "all five of those factors in Subsection (a), Subsections 1 through 5, weigh in favor of Mr. Eaton." See Docket No. 86, p. 32. The Court then announced Eaton's sentence: a total of 223-months after granting a 33% departure (starting from 360-months) under U.S.S.G. § 5K1.1 for substantial assistance, and an additional 17 month reduction for time served in state custody. See Docket No. 86, p. 35.

After announcing Eaton's sentence, the Court noted a disparity between Eaton's and Kessler's criminal history:

> I don't believe that you should be treated like [Kessler] because there's a significant disparity in criminal history categories and a significant difference in the mandatory minimum that was triggered in this case as a result of that criminal history, so there is certainly a legal basis to treat the two of you differently. With a sentence of 223 months, the net effect of that is that you're eligible for release with good time somewhere in the range of 15-and-a-half years, something like that.

See Docket No. 86, pp. 35-36.

It is clear from the record the Court did not consider Eaton's criminal history as a factor in determining the extent of the departure under U.S.S.G. § 5K1.1, but rather distinguished Eaton's overall sentence from his co-defendant Kessler. The Court acknowledged it could only consider the factors under Section 5K1.1(a) to determine the departure for substantial assistance and specifically stated that it applied those factors: "all five of those factors in Subsection (a), Subsections 1 through 5, weigh in favor of Mr. Eaton." See Docket No. 86, p. 32. At no point did the Court say it considered Eaton's criminal history to determine the extent of the downward departure under Section 5K1.1. As such, the Court finds Eaton has failed to show that defense counsel was objectively deficient or that Eaton was prejudiced by defense counsel's failure to object.

### 4) FAILURE TO SEEK DOWNWARD DEPARTURE UNDER U.S.S.G § 4A1.3(b)(1)

Eaton contends defense counsel was ineffective for failing to move for a downward departure under U.S.S.G. § 4A1.3(b)(1) based on an overrepresented criminal history. This argument is devoid of merit. First, Eaton completely fails to show why his criminal history is overrepresented. Second, the Court lacked authority to reduce Eaton's sentence based on an overrepresentation of his criminal history. Eaton faced a mandatory-minimum life sentence in this case. Few exceptions permit a sentencing court to depart below an applicable mandatory-minimum sentence. One exception, which applied here, is based on a defendant's substantial assistance under U.S.S.G. § 5K1.1. As discussed above, when granting a downward departure based on substantial assistance, a court may only consider assistance-related factors in reducing a sentence below the mandatory-minimum sentence. United States v. Salas-Barraza, 579 F.3d 885, 891 (8th Cir. 2009). A court may not reduce a sentence any further based upon factors

9

*unrelated to a defendant's assistance*.  United States v. Burns, 577 F.3d 887, 894 (8th Cir. 2009) (en banc).  The Court denies this claim because Eaton fails to demonstrate that defense counsel was ineffective or that he was prejudiced based on counsel's failure to pursue a departure under U.S.S.G. § 4A1.3(b)(1).

### B.     BAD FAITH MISCONDUCT

Eaton contends that the Government engaged in misconduct at the sentencing hearing.  As discussed above, Eaton presented a similar contention that defense counsel was ineffective for failing to object to the prosecutor's misconduct at sentencing.  The Court rejects Eaton's related argument here.  Eaton suffered no prejudice from the prosecutor's assessment of the information Eaton provided to authorities because the Court rejected the Government attorney's arguments.  This claim is denied.

### C.     MANDATORY MINIMUM

Eaton contends the Court erred in determining a 1986 Illinois conviction was an enhancing "felony drug offense" under 21 U.S.C. §§ 802(44) and 841.  The Government contends that Eaton waived this issue in his plea agreement.  See Docket No. 102, pp. 30-32.  Even if this issue falls outside of the plea agreement waiver, the claim would be rejected.

Prior to Eaton entering into a plea agreement, the Government filed notice of its intention to establish prior convictions for felony drug offenses.  See Docket No. 41.  The Government's notice included the following convictions:

> 1) Possession of a Controlled Substance (methamphetamine) with Intent to Deliver, East Central Judicial District, Cass County, North Dakota, Case No. 09-04-K-1989, on or about September 7, 2004; and

>   2) Possession of Controlled Substance (cocaine), Circuit Court of Cook County, Illinois, Case No. 86C6-60286, on or about June 11, 1986.

See Docket No. 41, p. 2. At sentencing, the Court found the Government proved beyond a reasonable doubt that the prior convictions were felony drug convictions under 21 U.S.C. §§ 802(44) and 841. See Docket No. 86, p. 31. Eaton contends the Court erred because the Government failed to meet its burden of proof.

In order to be an enhancing conviction, the Illinois offense must be a "felony drug offense" which is "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44) (2006); 21 U.S.C. § 841; see United States v. Hawkins, 548 F.3d 1143, 1150 (8th Cir. 2008) ("felony drug offense" is broadly defined to include conviction under state law for drug possession if punishable for more than one year). Generally, to establish a felony drug offense, the Government would submit copies of the relevant statutes, or cite to an electronic version. However, full-text copies of the relevant Illinois statutes as they appeared in 1986 have not been located. Neither have electronic versions. Although unusual, this is not fatal to the Government. Even absent copies of statutes, case law and legislative material clearly show that Eaton's 1986 Illinois conviction was a felony drug offense—a "Class 4 felony" under Illinois law which was punishable by more than one year imprisonment.

Eaton was charged under "Chapter 56-1/2, Section 1402(B) of the Illinois Revised Statutes 1983 as amended," with possession of "Less than 30 grams of a substance containing a certain controlled substance," namely, cocaine. See Docket No. 69-4. At the relevant time, possession of controlled substances under a certain statutory threshold was a Class 4 felony in Illinois:

>   In proscribing possession of controlled substances, section 402 lists eleven substances and states that possession of those substances in excess of the amount specified in the subsection is a Class 1 felony. (Ill.Rev.State. 1981, ch. 56 ½, par.

11

> 1402(a)(1)-(11).)  *Possession of any other amount of a controlled substance is a Class 4 felony*. (Ill.Rev.Stat. 1981, ch. 56 ½, par. 1402(b).)

People v. Holliday, 450 N.E.2d 355, 359-60 (Ill. App. Ct. 1983) (emphasis added).  Illinois legislation enacted in 1984 (Public Act 84-1475), which became effective in 1987, shows that possession of less than *30 grams of cocaine* is a Class 4 felony:

> (Ch. 56 ½, par. 1402)
>
> Sec. 402.  Except as otherwise authorized by this Act, it is unlawful for any person knowingly to possess a controlled or counterfeit substance.  Any person who violates this Section with respect to:
>
> (a) the following controlled or counterfeit substances and amounts, notwithstanding any of the provisions of subsection (b) to the contrary, is guilty of a Class 1 felony . . .
>
> ~~***~~
>
> (2) *15* ~~30~~ grams or more of any substance containing cocaine;
>
> ***
>
> (b) any other amount of a controlled or counterfeit substance is guilty of a Class 4 felony.

See Docket No. 69-5 (1984 Ill. Laws 1475, § 4) (emphasis in original).  Possession of any amount of cocaine under 30 grams is therefore a Class 4 felony.  See People v. Hansen, 555 N.E.2d 797, 798 (Ill. App. Ct. 1990) (defendant indicted in 1983 for possession of less than 10 grams of cocaine which was a "class 4 felony").  The case law and legislative material clearly show Eaton's 1986 Illinois conviction for possession of "Less than 30 grams" of cocaine was a Class 4 felony.

Also, "[a] Class 4 Felony is punishable by imprisonment for not less than 1 nor more than 3 years."  People v. Hobbs, 427 N.E.2d 558, 559 (Ill. 1981) (citing Ill.Rev.Stat. 1979, ch. 38, par.

1005-8-1(a)(7)).[1]  Similar to the statute above, a 1984 Illinois legislative act (Public Law 84-1450) which became effective in 1987 shows a Class 4 felony was punishable by "not less than 1 year and not more than 3 years" imprisonment in 1986.  See Docket No. 65-5, p. 2 (1984 Ill. Laws 1450, § 4).  The case law and legislative material shows that Eaton's 1986 Illinois conviction was punishable by imprisonment for more than one year.  Eaton failed to submit any material tending to demonstrate otherwise.  As such, Eaton has not shown the Court erred in concluding the Government showed beyond a reasonable doubt that his 1986 Illinois conviction was a felony drug offense under 21 U.S.C. §§ 802(44) and 841.  This claim for relief is denied.

### D.  INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL

The two-prong *Strickland* standard applies to Eaton's contention that defense counsel provided ineffective assistance on appeal.  Smith v. Robbins, 528 U.S. 259, 285-86 (2000) ("the proper standard for evaluating [the petitioner's] claim that appellate counsel was ineffective . . . is that enunciated in Strickland v. Washington[.]").  Eaton "must first show that his counsel was objectively unreasonable," and if Eaton "succeeds in such a showing, he then has the burden of demonstrating prejudice.  That is, he must show a reasonable probability that, but for his counsel's unreasonable [performance], he would have prevailed on his appeal."  Id.

Eaton contends his appellate counsel was ineffective on appeal for the following reasons:

1) defense counsel "failed to object to the court's reliance on Eaton's criminal history as the basis to grant a lesser departure than co-defendant Kessler received for substantial assistance";

---

[1] See also People v. Knight, 478 N.E.2d 1082, 1089 (Ill. App. Ct. 1985), *superseded by statute on other grounds as stated in* People v. Clemons, 657 N.E.2d 388, 389-90 (Ill. App. Ct. 1995) (discussing the maximum penalty of three years imprisonment for a class 4 felony); People v. Bratcher, 500 N.E.2d 954, 956-57, 960 (Ill. App. Ct. 1986) (remanding for sentencing for a single class 4 felony conviction: "This cause is remanded to the trial court with directions to impose the maximum sentence of *three years imprisonment* upon defendant's remaining conviction and to award credit for time served.") (emphasis added).

13

    2) defense counsel failed to raise the issue of whether the court erred in determining Eaton faced a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A); and

    3) defense counsel failed to argue on appeal that the government acted in bad faith and committed misconduct during sentencing.

See Docket No. 96, pp. 23-24. The Court has addressed each of these claims above. For the same reasons, the Court denies Eaton's contentions that appellate counsel provided ineffective assistance.

### III.  CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant law. For the reasons set forth above, the Court **DENIES** Eaton's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255 (Docket No. 96). In addition, the Court **DENIES AS MOOT** Eaton's motion for a hearing (Docket Nos. 96 and 97). The Court also issues the following **ORDER**:

    1) The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis;

    2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 252 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2255(c)). If the petitioner desires further review of his petition, he may request the

issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 24th day of July, 2013.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court